IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRA LADD,<br>No. 23258-076,<br><br>        **Plaintiff,**<br><br>vs.<br><br>USP MARION HEALTH CARE SERV.,<br>DUNCAN BROOKS,<br>FRANK,<br>CASEY, and<br>UNNAMED EMPLOYEES,<br><br>        **Defendants.**[1] | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 15-cv-00197-SMY |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Andra Ladd is an inmate currently housed at the Federal Medical Center Satellite Camp in Lexington, Kentucky. In accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 3 88 (1971), Plaintiff brings this action for deprivations of his constitutional rights relative to medical care he was afforded while at the United States Penitentiary in Marion, Illinois, which is located within this judicial district. Put succinctly, Plaintiff sought treatment for an ingrown toenail and eventually had to have his right great-toe amputated.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally

---

[1] Plaintiff refers to an additional defendant within the complaint, "Leslee." Because Leslee is not listed in the caption of the complaint, the Court does not consider him/her a defendant in this action. *See* FED.R.CIV.P. 10(a).

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in June 2013, Plaintiff Ladd sought treatment for an ingrown toenail.  Staff at the USP-Marion health care unit advised him to soak the toe in soapy water.  When that did not work, Plaintiff returned to the health care unit several times.  Eventually, the toenail was removed.  Infections set in, including staph, and finally gangrene.  Nevertheless, Physician's Assistant Brooks insisted that, although there was infection, there was no sign of gangrene.  Shortly thereafter, gangrene was confirmed and Plaintiff's right great-toe was amputated.  Plaintiff describes the amputation as the result of "poor judgment in medical treatment decisions by USP Health Care Services employees," "improper medical treatment" rising to the level of "gross negligence," "substandard treatment," and "medical malpractice" (Doc. 1, pp. 1-2).

Plaintiff seeks declaratory relief, injunctive relief in the form of a directive that defendants provide him with proper medical and psychological care, resources, training and insurance. He also seeks compensatory damages.

## Discussion

As Chief District Judge Karen K. Caldwell of the United States District Court for the Eastern District of Kentucky noted in the order transferring the case to this district, Plaintiff clearly has filed this action in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 3 88 (1971), not the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.

Constitutional challenges to the conditions of confinement, including medical care, are actionable by federal prisoners under *Bivens*. S*ee Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005)). Deliberate indifference, rather than negligence or even gross negligence, is the applicable legal standard. *Farmer v. Brennan*, 511 U.S. 825, 845-47 (1994). In contrast, the FTCA allows suit against the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Palay v. United States*, 349 F.3d 418 425 (7th Cir. 2003) (citing 28 U.S.C. § 1346(b)(1)).[2]

---

[2] It should also be noted that Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* 735 ILCS § 5/2–622. The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 ILCS § 5/2–622. The plaintiff must also attach a copy of the health professional's written report, "clearly identifying ... the reasons for the reviewing health professional's determination that a reasonable and meritorious" case exists. 735 ILCS § 5/2–622(a)(1). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILCS § 5/2–622(b). Compliance with Section 5/2–622 is mandatory, and failure to file the affidavit and written report in a medical malpractice case "shall be grounds for dismissal...." 735 ILCS § 5/2–622(g). Plaintiff has filed no such certificates.

The complaint pleads negligence, not deliberate indifference.  There is nothing even suggesting deliberate indifference.  Consequently, this *Bivens* action fails on its merits.  The complaint will be dismissed on that basis alone.  As Chief Judge Caldwell observed, it appears that Plaintiff filed this *Bivens* action in error, instead of pursuing an FTCA action.

The Court further finds, for the sake of completeness, that, although Physician's Assistant Brooks is mentioned in the narrative of the complaint, the other listed defendants, Frank and Casey, are not mentioned in the narrative of the complaint.  Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  USP-Marion Health Care Services is not a proper defendant in a *Bivens* suit.  *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (*Bivens* is limited to individual liability).  Regarding the requested remedies, injunctive relief against the USP-Marion defendants is unavailable in that Plaintiff is no longer housed at USP-Marion.

Although this *Bivens* action will be dismissed on its merits and, consequently, with prejudice, Plaintiff is free to pursue an FTCA action (as explained in detail in Chief Judge Caldwell's order).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED with prejudice**, but without prejudice to any other action Plaintiff may desire to pursue regarding his medical care.  No "strike" will be assessed for purposes of 28 8U.S.C. § 1915(g).  Judgment shall enter accordingly, against Plaintiff.  The Clerk of Court shall close this case.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, even though this action is being dismissed.  *See* 28 U.S.C. § 1915(b)(1);

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). By separate order the filing fee will be collected in accordance with 28 U.S.C. § 1915(b) (*see* Doc. 7).

    **IT IS SO ORDERED.**

    **DATED: March 19, 2015**

                                **s/ STACI M. YANDLE**
                                **United States District Judge**